

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

April 11, 2021

<u>**BY ECF**</u>

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   **Indivior Inc., et al. v. Dr. Reddy's Laboratories S.A., et al.**
       **Civil Action No. 17 CV 7111 (KM)(CLW)**

Dear Judge Waldor:

    This firm represents Non-Party, Alok Sonig in the above-referenced matter. It is our understanding that Your Honor intends to address Mr. Sonig's Motion to Quash during the status conference scheduled for Monday, April 12, 2021.  We are writing to briefly respond to the most recent correspondence Plaintiffs submitted on this issue and the previous arguments concerning the need for and relevance of Mr. Sonig's testimony in this matter.

    Through all of the briefings and submissions to Your Honor on this issue, one thing remains clear - Plaintiffs have proffered many different and ever-changing theories as to why it needs Mr. Sonig's deposition.  This moving target alone is evidence that Plaintiffs are on a fishing expedition intended to harass DRL's former executive rather than to seek relevant testimony.

    As outlined in the briefings and correspondence submitted on this topic:

- Mr. Sonig has no unique knowledge or information on the topics identified by Plaintiffs.  The events Plaintiffs seek to depose Mr. Sonig on occurred almost three years ago, and at least one topic relates to events that occurred over one year **after** Mr. Sonig left DRL.

- DRL has produced at least four witnesses who have provided testimony on the topics. These individuals are current DRL



T. 908.626.0622
F. 908.626.0322

www.midlige-richter.com
info@midlige-richter.com



645 Martinsville Road
Basking Ridge, NJ 07920

Honorable Kathy Waldor, U.S.M.J.                                    April 11, 2021
                                                                        Page 2

     employees who had direct responsibility for the subject matters identified by Plaintiffs.  Any testimony from Mr. Sonig would be duplicative of testimony already obtained by Plaintiffs.

- The fact that Mr. Sonig executed a declaration over 2 ½ years ago in connection with a preliminary injunction application does not automatically entitle Plaintiffs to take his deposition now.  As we understand it, the issues addressed in the declaration are not relevant to the claims and defenses currently being asserted.

Additionally, Plaintiffs' arguments have shifted once again and they claim Mr. Sonig has unique knowledge on one additional topic, for a total of three, that cannot otherwise be obtained from witnesses for the parties to this action: (i) DRL's acquisition of the Suboxone® ANDAs from Teva in 2016; (ii) pricing of DRL's ANDA product at launch; and, a new topic - (iii) a separate film research and development project that DRL was working on at the time that it acquired its generic Suboxone ANDAs from Teva in 2016.

We respectfully submit that Mr. Sonig's motion to quash should be granted for the following reasons:

## Prior Declaration

Mr. Sonig executed the declaration over 2 ½ years ago in connection with a preliminary injunction application. Mr. Sonig's declaration discussed DRL as a company and its mission (Sonig Decl. ¶¶ 7-11); the investment DRL made to acquire the ANDAs from Teva and continue developing the products after the acquisition (*id.* ¶¶ 12-22), and the hardship DRL would suffer if enjoined because it would, among other things, lose its "first-mover advantage" given the intense competition in the generic industry (*id.* ¶¶ 23-33).

As we understand it, the current disputed issues are DRL's antitrust counterclaims which are directed at *Plaintiffs'*, not DRL's, conduct and bad faith in seeking a preliminary injunction and Plaintiff's patent infringement claims. None of the issues discussed in the declaration relate to DRL's antitrust counterclaims.

## Unique Knowledge/Party Witness Depositions

DRL has produced several witnesses who have testified on the identified topics.  Plaintiffs have been unable to articulate what Mr. Sonig could add that they were unable to obtain from DRL's witnesses.



Honorable Kathy Waldor, U.S.M.J.                                    April 11, 2021
                                                                        Page 3

**DRL's acquisition of the Suboxone® ANDAs from Teva in 2016**

Abhishek Mukhopadhyay was part of DRL's business development team and was personally involved in the acquisition of the Teva ANDAs at the time of the acquisition. We understand that Mr. Mukhopadhyay testified competently and in detail as DRL's corporate designee concerning these topics, and that Indivior has never complained that Mr. Mukhopadhyay was unprepared or that his testimony was deficient in any way.

**Pricing, Marketing and Launch of Generic Suboxone Product**

Christine Walton, Senior Director of Marketing at DRL, was designated as DRL's corporate designee on topics including pricing, marketing, and forecasts for DRL's generic product. We understand that Ms. Walton testified competently and in detail as DRL's corporate designee concerning these topics, and again, that Indivior has never complained that Ms. Walton was unprepared or that her testimony was deficient.

Keerthi Kandlikar was also deposed. Ms. Kandiklar was the DRL project manager in 2018 responsible for the launch of the generic Suboxone® Film product. Between these two DRL witnesses, there is nothing further that Mr. Sonig could provide that would not be cumulative.

**Film Research and Development Project**

Plaintiffs' newest theory is that Mr. Sonig has unique knowledge concerning a separate film research and development project that DRL was working on at the time that it acquired its generic Suboxone ANDAs from Teva in 2016. DRL now markets generic products pursuant to those ANDAs it acquired.

Mr. Mayank Nagar was deposed on these subjects and provided testimony on DRL's internal film development program prior to acquisition of the Teva ANDAs. We understand that Mr. Nagar did not testify that Mr. Sonig had any involvement in this development program. Plaintiffs have failed to identify any documents about DRL's actual development work—the subject on which Mr. Nagar was designated—indicating that Mr. Sonig had any involvement in that regard.

\* \* \*

In sum, Mr. Sonig is a non-party and disinterested witness, who is the second ranking, senior-level executive at one of DRL's direct competitors. The mere fact that he signed a declaration almost three years ago on issues not relevant to the current litigation does not automatically entitle Plaintiffs to depose him. The record before the Court establishes that he does not have any unique knowledge that has not otherwise been obtained from witnesses for the parties to this action and any testimony would be duplicative.



Honorable Kathy Waldor, U.S.M.J.                                    April 11, 2021
                                                                          Page 4


        We thank Your Honor for your consideration of this and look forward to discussing these
issues on Monday. Should you have any questions, we are available at your convenience.

                                        Respectfully submitted,

                                        s/ James S. Richter

                                        James S. Richter


Cc: All Counsel of Record (by email and ECF)

