UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES S.A. and DR. REDDY'S LABORATORIES, INC.,<br><br>Defendants. | **Civil Action No. 17-7111 (KM)(CLW)**<br>Civil Action No. 18-1775 (KM)(CLW)<br>Civil Action No. 18-5288 (KM)(CLW)<br>**(Consolidated)**<br><br>(Filed Electronically) |

**ORDER TO SEAL**

**THIS MATTER** having come before the Court pursuant to the motion of Plaintiffs Indivior Inc. and Indivior UK Limited (collectively, "Indivior") and Defendants Dr. Reddy's Laboratories S.A. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL" and, together with Indivior, "the parties"), pursuant to Local Civil Rule 5.3(c), to seal the parties' HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information contained in certain portions of the parties' March 1, 2021 Letter to the Hon. Cathy L. Waldor, U.S.M.J. and exhibits thereto (D.I. 474) [hereinafter, collectively, the "Confidential Materials"]; and the Court having considered the parties' written submissions and the declarations of Sarah A. Sullivan (counsel for Indivior) and Aaron S. Eckenthal (counsel for DRL); and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information; and for other and good cause having been shown; the Court makes the following findings and conclusions:

## **FINDINGS OF FACT**

1. The information that the parties seek to seal has been designated by the parties as HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY under the Stipulated Amended Discovery Confidentiality Order (D.I. 406) entered by this Court ("DCO").

2. By designating the material as HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY under the DCO, the parties have represented that the subject information is trade secret and/or other proprietary and confidential research, development, commercial, and/or business information within the meaning of Fed. R. Civ. P. 26(c).

3. This is a complex pharmaceutical patent infringement and antitrust action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain trade secret and/or other proprietary and confidential research, development, commercial, and/or business information of the parties. The material identified herein contains information designated by the parties as HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY, and includes their trade secrets and/or other proprietary and confidential research, development, commercial, and/or business information (the "parties' Confidential Materials").

4. By designating this information HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY, the parties have indicated that the public disclosure of this information would be detrimental to their businesses. Due to the nature of the materials herein, there is no less restrictive alternative to sealing the parties' Confidential Materials.

5. The parties' request is narrowly tailored to only the confidential information contained in the parties' Confidential Materials.

## CONCLUSIONS OF LAW

6. Upon consideration of the papers submitted in support of the motion, and the information that the parties have designated as HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY, the Court concludes that the parties have met their burden of proving, under Local Civil Rule 5.3 and applicable case law, that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Specifically, the Court concludes that: (a) the parties' Confidential Materials contain confidential information concerning the parties' trade secret and/or other proprietary and/or confidential research, development, commercial, and/or business information; (b) the parties have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of confidential information by competitors to the parties' financial detriment; and (d) no less restrictive alternative to sealing the subject information is available, as the parties have publicly filed a version in which only the confidential information contained therein has been redacted. (ECF No. 475).

7. The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

- 4 -

**IT IS** on this 21st day of May, 2021:

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, the motion to seal, (ECF No. 483), is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall maintain the unredacted version of the confidential materials, (ECF No. 474), under seal.

s/ Cathy L. Waldor
HON. CATHY L. WALDOR, U.S.M.J.