# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED and AQUESTIVE THERAPEUTICS, INC., <br><br> Plaintiffs, <br> v. <br><br> DR. REDDY'S LABORATORIES S.A. and DR. REDDY'S LABORATORIES, INC., <br><br> Defendants. | **Document Filed Electronically** <br><br> **Consolidated Civil Action No. 17-7111-KM-CLW** <br><br> Kevin McNulty, U.S.D.J. <br> Cathy L. Waldor, U.S.M.J. |

## FINDINGS OF FACT AND ORDER TO REDACT AND SEAL MATERIALS

THIS MATTER having been brought before the Court on Defendants' Notice of Motion to Redact and Seal Portions of Transcripts of Proceedings held on April 22, 2021, and April 28, 2021 (ECF Nos. 499 and 501, respectively) (the "Transcripts"), pursuant to L. Civ. R. 5.3(c), 5.3(g), and 7.1; and the Court having considered the submission accompanying the Motion, including the indices required by L. Civ. R. 5.3(c)(3), as well as the record before it, the Court makes the following findings of fact and conclusions of law:

1. The information that Defendants seek to seal is "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" pursuant to the Stipulated Amended Discovery Confidentiality Order (ECF No. 406) (ECF No. 315 in 17-7106) entered by the Court on June 26, 2020.

2. By designating the material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" under the Stipulated Amended Discovery Confidentiality Order, Defendants have represented that the subject information is a trade secret or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c).

3. This is a complex pharmaceutical patent infringement action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contains proprietary and confidential research, development, and business information of Defendants. The material identified herein contains information designated by Defendants as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY," and includes their trade secrets and/or confidential research, development, or commercial information.

4. By designating this information "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY," it is apparent that the Defendants have indicated that the public disclosure of this information would be detrimental to their businesses. Due to the nature of the materials herein, there is no less restrictive alternative to sealing portions of the Confidential Materials.

5. Upon consideration of the papers submitted in support of the motion, and the information that Defendants have designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY," the Court concludes that the Defendants have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

6. The Confidential Information is identified in Exhibit A in support of Defendants' Motion to Redact and Seal Portions of Transcripts of Proceedings held on April 22, 2021, and April 28, 2021.

7. Exhibit A conforms to the form of the Local Rules' Appendix U and identifies with particularity the information required by L. Civ. R. 5.3(c)(3).

8. The Court concludes that (a) the materials contain Confidential Information concerning the Defendants' business; (b) the Defendants have a legitimate interest in maintaining the confidentiality of the information to protect their disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the Confidential Information would result in clearly defined and serious injury, including the use of the Confidential Information by competitors to the Defendants' financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

9. The Defendants' request is narrowly tailored to only the Confidential Information contained in the above materials and has complied with the dictates set forth in L. Civ. R. 5.3(c), 5.3(g), and in case law related thereto.

10. The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

WHEREFORE, the Court having found that there are legitimate public and private interests that warrant the relief sought; and for good cause shown, it is:

**ORDERED** that the following documents and information shall be maintained under seal by the Clerk of Court based on the foregoing findings of fact and conclusions of law:

- **Unredacted Transcript of Proceedings regarding discovery disputes that pertain to Request for Admission responses held before Magistrate Judge Cathy L. Waldor on April 22, 2021 [ECF No. 499], as described in Exhibit A (index) submitted in support of the Motion; and**

- **Unredacted Transcript of Proceedings regarding discovery disputes that pertain to 30(b)(6) witness preparedness held before Magistrate Judge Cathy L. Waldor on April 28, 2021 [ECF No. 501], as described in Exhibit A (index) submitted in support of the Motion.**

**IT IS FURTHER ORDERED** that redacted versions of the transcripts, in which only the confidential information described in Defendants' motion has been redacted, shall be available on the public docket;

**IT IS FURTHER ORDERED** that Defendants shall prepare redacted transcripts consistent with the terms of this Order and shall provide the court reporter with an electronic version of the proposed redacted transcript.

**SO ORDERED:**

Dated: June 29, 2021
Newark, New Jersey

s/ Cathy L. Waldor
Cathy L. Waldor, U.S.M.J.